843 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John A. LEONARD, Plaintiff-Appellant,
and
Michael R. Jacobs; Michael M. Katz, Plaintiffs,
v.
Edward MURRAY; Raymond M. Muncy, Defendants-Appellees.
 No. 87-7184.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 22, 1988.
Decided: April 6, 1988.
 
 John A. Leonard, appellant pro se.
 Peter Harris Rudy, Assistant Attorney General, Richard Francis Gorman, III, for appellees.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Leonard, Michael Katz, and Michael Jacobs brought suit under 42 U.S.C. Sec. 1983 against the warden of Buckingham Correctional Center and the director of the Virginia Department of Corrections, alleging that the defendants had failed to provide them with a kosher diet to which, as orthodox Jews, they were entitled. After a jury verdict in the defendants' favor, inmate Leonard appeals, alleging that the jury was improperly instructed on the doctrine of respondeat superior, that the testimony of the prison chaplain promoted one religion over another and that the kosher diet being provided lacks sufficient variety. We affirm.
 
 
 2
 The inmates made a written request for kosher meals in January of 1985, and their rabbi made the same request in March. In June of 1985, after the inmates had filed this suit, kosher meal service at Buckingham began. However, the inmates were not satisfied with the methods of food preparation which were being used, nor were they convinced that all items being served to them were kosher. Adjustments were made over the following year, but efforts to settle the suit were unsuccessful, and the case was tried in May, 1987.
 
 
 3
 The evidence presented at trial showed that the prison administration had responded positively to the requests for kosher meals and had begun providing them reasonably quickly. The district court correctly instructed the jury that in an action brought under Sec. 1983 state officials acting in their official capacities cannot be held liable for actions of their subordinates absent a showing of direct responsibility for those actions, such as personal direction, actual knowledge or acquiescence in the subordinates' acts, and that an official cannot be charged with his subordinates' acts when he in fact knew nothing about them. Ross v. Reed, 719 F.2d 689 (4th Cir.1983).
 
 
 4
 The prison chaplain, a Christian, was called by the inmates themselves as one of their first witnesses, and later called again briefly by the defense. He testified about his efforts to discover what a kosher diet entailed and to make recommendations to the prison administration. He did not claim to be an expert in the Jewish dietary laws, and his testimony did not offend the First Amendment.
 
 
 5
 Finally, lack of variety in the kosher meals served at the prison was not an issue at trial. Even though the kosher menus do appear to be more repetitive than those prepared for the general population, this lack of variety does not impermissibly impede the inmates' practice of their religion.
 
 
 6
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal issues are adequately presented in the briefs and the record and the decisional process would not be significantly aided by oral argument.
 
 
 7
 AFFIRMED.